UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARSHALL F. NEWMAN, as he is TRUSTEE OF THE ANGELO C. TODESCA, JR. FAMILY TRUST II, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-10632-FDS |
| v. | ) ) | |
| SANTANDER BANK, N.A., and UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR JUDGEMNT ON THE PLEADINGS AND PLAINTIFF'S MOTION FOR LEAVE TO DISMISS COUNTS ONE THROUGH THREE

SAYLOR, C.J.

This action arises out of levies issued by the Internal Revenue Service upon a trust. The United States, through the IRS, issued two levies upon Santander Bank, N.A., identifying the taxpayer as a beneficiary of the trust of which plaintiff is trustee. After Santander transferred the amount of funds identified in the levies from the trust into a suspense account, plaintiff brought suit against the bank and the United States.

Defendant Santander Bank, N.A., has moved for judgment on the pleadings. Plaintiff has also moved for leave to dismiss Counts One through Three of the second amended complaint, which are all of the claims against Santander. For the following reasons, defendant Santander's motion for judgment on the pleadings will be granted and plaintiff's motion for leave to dismiss Counts One through Three will be denied as moot.

I.   **Background**

    A.   **Factual Background**

Marshall F. Newman is the Trustee of the Angelo C. Todesca, Jr. Family Trust II (the "Trust"). (Second Amended Complaint ("SAC") ¶ 2). The Trust directs the Trustee to divide the Trust assets into two subtrusts—one for the benefit of Albert M. Todesca (Subtrust A) and one for the benefit of Paul A. Todesca (Subtrust B). (*Id.* ¶¶ 8-9). The Trust maintained two bank accounts with defendant Santander Bank, N.A., entitled "Angelo C. Todesca, Jr. Family Trust II, Marshall F. Newman, Trustee," with a combined balance of approximately $800,000. (*Id.* ¶ 14).

In January 2020, the IRS served a Notice of Levy upon Santander, asserting a levy in the amount of $322,620.90 and identifying the taxpayer as "Albert M. Todesca, as Beneficiary of the Angelo C. Todesca, Jr. Family Trust II (Subtrust A)." (*Id.* ¶ 22). On January 22, 2020, Santander transferred the amount of the levy from the trust into a suspense account. (*Id.* ¶ 71).

On February 10, 2020, Santander received a letter from Newman claiming that the levy was improper. (*Id.* ¶ 26). In response, Santander told Newman that it would hold the funds in question until it received further instructions from the parties or a court. (*Id.* ¶¶ 29-32).

On March 9, 2020, Santander received a Final Demand for Payment of the levy from the IRS. (*Id.* ¶ 36). In accordance with that demand, Santander informed Newman on March 23, 2020, that it was obligated by statute to relinquish the funds to the IRS. (*Id.* ¶¶ 39, 41). Shortly thereafter, Newman obtained a temporary restraining order in Massachusetts Superior Court prohibiting Santander from releasing the funds. (*Id.* ¶ 71).

On July 16, 2020, the IRS served a second Notice of Levy upon Santander, asserting a levy in the amount of $56,954.42 and identifying the same taxpayer. (*Id.* ¶ 44). Santander again transferred the amount of the levy from the trust into a suspense account. (*Id.* ¶¶ 45, 72).

On September 11, 2020, Santander filed an assented-to motion for leave to deposit the

funds into a court registry, which this Court granted on September 24, 2020. Thereafter, Santander provided two checks in the amounts of $322,620.90 and $56,954.42 to the Court, both of which were deposited into the Registry of the Court on October 14, 2020. (Def. Mem. at 5).

### B. Procedural Background

On March 24, 2020, Newman filed this action in Massachusetts Superior Court. On March 30, 2020, Santander removed the action to this Court, alleging federal-question jurisdiction under 28 U.S.C. § 1331. On April 3, 2020, the United States filed an additional Notice of Removal with the Court, alleging that it was the real party in interest against which the action was brought. On May 29, 2020, Newman filed a First Amended Complaint adding the United States as a defendant. On October 2, 2020, he filed a Second Amended Complaint. The SAC alleges four counts: breach of contract against Santander (Count 1); conversion against Santander (Count 2); a violation of Mass. Gen. Laws. ch. 93A against Santander (Count 3); and a claim of wrongful levy against the United States (Count 4). (SAC ¶¶ 48-76).

On July 17, 2020, the United States filed counterclaims against Newman, Santander, and Albert M. Todesca. On March 23, 2021, the United States amended its counterclaims, which now allege two counts: a claim against Todesca to reduce income tax liabilities and trust fund recovery penalties to judgment (Count 1) and a claim to enforce the federal tax levy and/or liens against the Trust (Count 2).

On May 18, 2021, defendant Santander moved for judgment on the pleadings. On June 8, 2021, Newman filed a motion for leave to dismiss the claims against Santander.

## II. Legal Standard

A Rule 12(c) motion for judgment on the pleadings differs from a Rule 12(b)(6) motion to dismiss primarily because it is filed after the close of pleadings and "implicates the pleadings as a whole." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). But it is treated

similarly. *See id.* at 54. To survive a motion for judgment on the pleadings, a complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

In determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

Under Rule 41(a)(2), plaintiffs may voluntarily dismiss an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule permits plaintiffs to dismiss their case voluntarily, with court approval, as long as "no other party will be prejudiced." *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). Although the "prospect of a subsequent lawsuit does not constitute . . . prejudice, . . . [a] plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding." *Colón-Cabrera v. Esso Standard Oil Co. (P.R.), Inc.*, 723 F.3d 82, 87-88 (1st Cir. 2013). In making the determination whether the defendant will be prejudiced, the court should consider "the

defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation [of] the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (quotation omitted).

### III.   Analysis

Plaintiff's claims against Santander necessarily fail because, pursuant to the unambiguous dictates of the Internal Revenue Code, Santander is (1) legally obligated to comply with the two Notices of Levy it received from the IRS and (2) absolutely immunized from liability to any party—including plaintiff—for its compliance with the Notices of Levy.

"[A] bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 727 (1985); *see also* 26 U.S.C. § 6332(a) ("[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the [IRS], surrender such property or rights (or discharge such obligation) to the [IRS], except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."); *Bean v. Gen. Elec. Co.*, 593 F. Supp. 2d 306, 309 (D. Mass. 2009). Custodians of property who fail to comply with a Notice of Levy from the IRS become liable to the government for the sum in question and may incur further penalties. *See* 26 U.S.C. § 6332(d)(2) ("[I]f any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under [the levy]."); *Haggert v. Hamlin*, 25 F.3d 1037, at *2 (1st Cir. 1994) (unpublished). "Where the taxpayer's property levied upon is held by a third party, service of

5

notice of the levy upon that third party 'gives the IRS the right to all property levied upon and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government.'" *United States v. Rockland Tr. Co.*, 860 F. Supp. 895, 900 (D. Mass. 1994) (quoting *Nat'l Bank of Com.*, 472 U.S. at 720).

Here, there is no dispute that Santander held property of the Angelo C. Todesca, Jr. Family Trust II at the time it received both of the levies at issue. (*See* SAC ¶¶ 14, 24, 45, 71-72). Because a custodian of property served with an IRS levy has no choice but to comply, no liability may arise from its surrender of property pursuant to the levy, and the custodian is held absolutely immune from claims that the property was improperly released. *See* 26 U.S.C. § 6332(e) (custodians who turn over property in compliance with an IRS levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment"); *Garrity, Levin & Muir, LLP v. United States*, 2016 WL 829898, at *2 (D. Mass. Mar. 1, 2016) ("26 U.S.C. § 6332(e) holds a party complying with an IRS levy absolutely immune from liability to any other competing claimant."); *Bean*, 593 F. Supp. 2d at 309 (noting that parties who withhold funds "pursuant to a tax levy are granted immunity from suits brought by the delinquent taxpayer"); *Haggert*, 25 F.3d 1037, at *2 ("Custodians of property levied upon by the IRS . . . . are immunized from liability to delinquent taxpayers for delivering such taxpayers' property to the IRS."); *Fredyma v. Lake Sunapee Bank*, 181 F.3d 79, at *1-2 (1st Cir. 1998) (unpublished) ("The underlying action stems from a levy placed by the Internal Revenue Service ('IRS') on a Landmark Bank account containing a certificate of deposit under the names of Fredyma and his mother. The bank honored the levy by withdrawing $9,338.00 from the account and sending the money to the IRS . . . . 26 U.S.C. § 6332(e) protects the bank from any liability arising from the

surrender of the property.").

Here, plaintiff's claims against Santander are predicated on Santander's compliance with the first and second IRS levies and are accordingly barred as a matter of law.  Count One, the breach of contract claim, alleges that Santander breached an agreement with plaintiff by (among other things) failing to safeguard plaintiff's funds, freezing the funds and making them unavailable to him, and threatening to release the funds without obtaining express written authorization from him and without receiving valid legal process to transfer the funds to the IRS.  (*See* SAC ¶¶ 50-51).  Similarly, Count Two, the conversion claim, alleges that Santander failed to safeguard plaintiff's deposits by freezing them and making them unavailable, and that it threatened to release the funds without obtaining express written authorization from him and without receiving valid legal process requiring it to transfer the funds to the IRS.  (*Id.* at ¶¶ 56-57).  As to Count Three, the complaint alleges that Santander engaged in unfair trade practices in violation of Mass. Gen. Laws. ch. 93A by seizing plaintiff's funds.  (*Id.* at ¶ 62).  As relief, the complaint requests damages resulting from Santander's withholding of the funds and an order that Santander be "permanently restrained and enjoined from releasing to the I.R.S. any of the Plaintiff's funds." (*Id.* at p. 10).

Plaintiff's contention that Santander caused him damages by complying with the IRS levies is devoid of legal support.  The same argument has been rejected by the courts.  *See Bean*, 593 F. Supp. 2d at 309 (noting that a conversion claim brought against the party who complied with an IRS notice of levy was "unquestionably barred by § 6332(e)"); *Haggert*, 25 F.3d 1037, at *1 (finding that the plaintiff's request for an injunction preventing the defendants from complying with an IRS notice of levy had "no chance of success in any court of law"); *Blanchette v. Soc. Sec. Admin.*, 2014 WL 667514, at *1 (D. Mass. Feb. 21, 2014) ("[Plaintiff]

cannot by operation of law state a claim upon which relief can be granted against the SSA for having 'given' his property to the IRS during the duration of the levy."); *see also Clavizzao v. United States*, 706 F. Supp. 2d 342, 349 (S.D.N.Y. 2009) ("Section 6332(e) has been 'consistently interpreted to be valid' and 'unambiguously . . . protect[s] parties who comply with an IRS notice of levy from facing liability.'") (citation omitted); *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) ("Compliance with the obligation to honor the levy extinguishes liability to the claimant of the property."); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) ("[S]ection 6332(e) . . . clearly bars money damages against a person who has complied with an IRS levy.").

Plaintiff's contention that Santander should have withheld the funds and refused to comply with the notices of levy for various reasons that he outlined in a demand letter is completely without merit. (*See* SAC, Ex. D). Santander had no duty—indeed, no legal ability—to scrutinize plaintiff's arguments or even investigate the propriety of either the first or second levy. *See Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850-51 (7th Cir. 1996) (noting that a plaintiff's argument that the defendants "had a duty both to recognize . . . alleged deficiencies in the levy and to oppose the IRS on his behalf" was "meritless"); *Clavizzao*, 706 F. Supp. 2d at 349 (rejecting the argument that a defendant bank had a duty to "insure that plaintiff(s) . . . were afforded proper due process rights . . . before money is taken" because "[s]ection 6332(e) makes clear that [the bank] has no such duty"); *Haggert v. Philips Med. Sys., Inc.*, 39 F.3d 1166, at *1 (1st Cir. 1994) (unpublished) (finding that the plaintiff's argument that an IRS levy was defective was not relevant to a suit against a bank); *Noll v. Peterson*, 2001 WL 721733, at *7 (D. Idaho May 14, 2001), report and recommendation adopted, 2001 WL 846493 (D. Idaho June 15, 2001) (noting that a party who complies with an IRS levy is immune from liability regardless of

"whether the levy was valid or invalid").

If plaintiff took issue with the levies, his sole recourse was to pursue a claim against the IRS, not to threaten Santander with legal action if it obeyed the law. *See Bean*, 593 F. Supp. 2d at 310 ("[T]o the extent [plaintiff] challenges the validity of the levy (or the validity of the underlying tax obligation) his arguments are directed to the wrong party [because] arguments challenging tax lev[ies] are more appropriately brought in an action against the government."); *United States v. Leonard, Inc.*, 1994 WL 511247, at *3 (D. Mass. May 12, 1994) ("[A] dispute between a taxpayer and the I.R.S. is not material to a property custodian's obligation to obey a valid I.R.S. levy."); *Schiff*, 780 F.2d at 212 ("The fact that appellant disputes the validity of the underlying tax assessment does not alter [appellee's] obligation to honor the levy.").

In short, even taking plaintiff's allegations as true, "the uncontested and properly considered facts conclusively establish" that Santander is entitled to a favorable judgment. *See Zipperer v. Raytheon Co., Inc.*, 493 F.3d 50, 53 (1st Cir. 2007) (internal quotation omitted). The claims against Santander are solely based on the contention that it interfered with his property by complying with the notices of levy in a manner consistent with the Internal Revenue Code. Because Santander is entitled to absolute immunity for doing so, plaintiff's claims are squarely precluded by federal law and must be dismissed.

### IV.    Conclusion

For the foregoing reasons, the motion for judgment on the pleadings of defendant Santander Bank, N.A. is GRANTED. Plaintiff's motion for leave to dismiss Counts One through Three of the second amended complaint is DENIED as moot.

**So Ordered.**

                                                                                  /s/ F. Dennis Saylor IV  
                                                                                   F. Dennis Saylor IV  
Dated:  July 9, 2021                                                Chief Judge, United States District Court