UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARSHALL F. NEWMAN, as he is Trustee of the ANGELO C. TODESCA, JR. FAMILY TRUST II,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant and Counterclaimant Plaintiff,<br><br>        v.<br><br>SANTANDER BANK, N.A.,<br><br>    Defendant and Counterclaim Defendant,<br><br>    and<br><br>ALBERT M. TODESCA,<br><br>    Counterclaim Defendant. | Civil Action No.<br>20-10632-FDS |

**MEMORANDUM AND ORDER CONCERNING GOVERNMENT
MOTION TO VACATE PARTIAL STAY PENDING APPEAL**

**SAYLOR, C.J.**

This action arises out of levies issued by the Internal Revenue Service upon a trust. The United States, through the IRS, issued two levies upon Santander Bank N.A. identifying the taxpayer as a beneficiary of the trust of which Marshall Newman is trustee. After Santander transferred the amount of funds identified in the levies from the trust into a suspense account, Newman brought suit against the bank and the United States.

On September 20, 2023, the Court entered final judgment, but stayed the part of the judgment that directed the disbursement of funds from the court registry to the United States pending appeal of the judgment or further order of the Court. (ECF No. 136). Shortly after the entry of final judgment and the stay, the government moved the Court to vacate the stay, contending that Newman had not met his burden to meet the requirements for a stay pending appeal. Upon careful consideration, the Court will grant the government's motion.

**I.      Legal Standard**

At its discretion, a district court may grant a stay pending appeal upon considering four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors . . . are the most critical," while the last two factors "merge when the [g]overnment is the opposing party." *Id.* at 434, 435.

**II.     Analysis**

   **A.     Likelihood of Success on the Merits**

Newman contends that his grounds for appeal are that the government could not enforce its tax liens against the trust because there was no mechanism by which the beneficiary of that trust (against whom the government sought to enforce the lien) could demand disbursement of funds at the time the levy to enforce the lien was issued. The Court granted summary judgment on that issue to the government. (ECF No. 130 at 13). It found, among other things, that the sole reason no disbursement mechanism existed was due to Newman's own failure to abide by the trust instrument and that a right to receive income from a trust can be levied upon, even if that right has not yet fully matured. (*Id.*). Given that Newman raises no new arguments on appeal,

that grant of summary judgment is sufficient for the Court to find that Newman has not met his burden of a strong showing that he is likely to succeed on appeal.

### B. Risk of Irreparable Harm

Irreparable harm is measured "on a sliding scale, working in conjunction with a moving party's likelihood of success on the merits, such that [t]he strength of the showing necessary on irreparable harm depends in part on the degree of likelihood of success shown." *Braintree Lab'ys Inc. v. Citigroup Glob. Mkts. Inc.*, 622 F.3d 36, 42-43 (1st Cir. 2010) (quotations and citations omitted). Further, "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004). Moreover, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petrol. Jobbers Ass'n v. Fed. Power Com.*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

Here, Newman asserts only that he will be irreparably harmed, as the trustee, if the trust property currently held in the court registry is disbursed to the government. He has not shown why a favorable outcome from his appeal would not adequately remedy the disbursement of the funds, or that the United States would be unable to restore the funds in question upon his successful appeal. Accordingly, the Court finds this factor weighs against the grant of a stay.

### C. Balance of Hardship and the Public Interest

Because the Court finds that Newman has not shown either a likelihood of success on the merits nor a risk of irreparable injury, there is no need to address the last two factors.

## III. <u>Conclusion</u>

For these reasons and for good cause shown, the government's motion to vacate the Court's order to stay disbursement of the funds from the court registry is GRANTED. The final judgment entered on September 20, 2023, is not stayed in any respect, and will have full force and effect.

**So Ordered.**

Dated: September 28, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court